UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

YAAKOV KATZ,
  on behalf of himself and the class,

                Plaintiff,

     v.


SLICE & CO. FINE GOURMET BRICK
OVEN PIZZA, INC.;
CARDNET GROUP CORP.;
METABANK


              Defendants.

---------------------------------------------------

Case No.: 11-cv-9411(TPG)(JLC)

**<ins>AMENDED</ins>**
**<ins>CLASS ACTION COMPLAINT</ins>**
**<ins>JURY TRIAL DEMANDED</ins>**


Now comes Yaakov Katz ("Plaintiff"), on behalf of himself and all others similarly

situated and amends his complaint with leave of Court and alleges as follows:

## <ins>INTRODUCTION</ins>

1.      Plaintiff brings this action individually and on behalf of all others similarly situated

against Defendants, Slice & Co. Fine Gourmet Brick Oven Pizza, Inc. ("Slice"), Cardnet Group,

Corp. ("Cardnet"), MetaBank ("MetaBank") alleging violations of the Electronic Fund Transfer

Act, 15 U.S.C.§ 1693 *et seq.* and its implementing regulations 12 C.P.R. § 205 *et seq.*

(hereinafter referred to collectively as the "EFTA").


2.      The Congressional findings and declaration of purpose regarding the EFTA are as

follows:

        (a) Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for
substantial benefits to consumers. However, due to the unique characteristics of such systems,
the application of existing consumer protection legislation is unclear, leaving the rights and
liabilities of consumers, financial institutions and intermediaries in electronic fund transfers
undefined.

        (b)     Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights.

15 U.S.C. § 1693.

3.      Among other things, the EFTA imposes certain disclosure requirements upon operators

of automated teller machines ("ATMs").

4.      15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers

in connection with electronic fund transfers to provide notice of the fact that the fee is being

imposed and the amount of the fee.

5.      "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction

originated by check, draft, or similar paper instrument, which is initiated through an electronic

terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or

authorize a financial institution to debit or credit an account. Such term includes, but is not

limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or

withdrawals of funds, and transfers initiated by telephone ...." 15 U.S.C. § 1693a(6).

6.      15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required

notice must be posted as follows:

    (B) Notice requirements

    (i) On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

    (ii) On the screen

The notice required under clauses (i) and (ii) subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction ....

7.     The relevant implementing regulation, 12 C.F.R. § 205.16(c) reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM machine; and 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee." 12 C.F.R. § 205.16(c)(1) and (2).

8.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.

9.     Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

> (C) Prohibition on fees not properly disclosed and explicitly assumed by the consumer
>
> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless----
>
> (i) The consumer receives such notice in accordance with subparagraph (B) ...

## JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1693 *et. seq.*

11.     Plaintiff's claims asserted herein arose in this judicial district and Defendants are the operator of the ATM located in this judicial district.

12.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is

the judicial district in which a substantial part of the acts and omissions giving rise to the claims

occurred.

## PARTIES

13.     Plaintiff, Yaakov Katz, is and at all times relevant hereto was a resident of Brooklyn,

New York.

14.     Defendant, Slice, is a New York corporation with a retail operation at 527 6th Ave in New

York, NY.

15.     Defendant, Cardnet, is a New York corporation with offices located at 20-11 Steinway St.

in Astoria, New York 11105.

16.     Defendant Metbank, is upon information and belief a banking entity and/or corporation

headquartered in Iowa. Upon information and belief, Metabank's holding company is Meta

Financial Group, Inc. which is a publicly traded stock on NASDAQ.

17.     A decal, sticker or notice was placed on the ATM *after* the events giving rise to the

original complaint in this action. The decal, sticker or notice which was placed on the ATM *after*

plaintiff made his cash withdrawal and filed his original complaint stated: "This terminal is

operated by MetaBank and is service by Cardnet Group". The notice also stated: "Fee Notice

MetaBank may charge a fee to cardholders for each cash withdrawal".

18.     Defendants are each automated teller machine operators, as that term is defined by 12

C.F.R. § 205.16(a) which states: "Automated teller machine operator means any person that

operates an automated teller machine at which a consumer initiates an electronic fund transfer or

a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."

### FACTS RELATED TO PLAINTIFF'S TRANSACTION

19.     Specifically, Plaintiff made a cash withdrawal from the ATM located at the store "Slice" on 11/29/11 at the southwest corner of 6th Ave. and West 14th St. in New York, NY and was charged $1.75. See Exhibit A.

20.     At the time of the above-described electronic transactions, Plaintiff did not maintain any accounts with any of the Defendants.

21.     However, at the time of the above-described transaction, there was no notice posted "on or at" the ATM operated by each of the Defendants apprising consumers that a fee would be charged for use of the ATM. See Exhibit B.

22.     Because Defendants did not post the required notice, they were not permitted to charge a usage fee to Plaintiff and other class members.

### CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this class action on behalf of himself and all other similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

24.     Plaintiff seeks to represent a class of persons to be defined as follows:

All persons who: 1) where charged a "terminal owner fee" at this ATM operated by the Defendants when such persons made an electronic fund transfer and/or balance inquiry where, 2) no notice indicating that such fee was to be charged was posted on the outside of the ATM machine, 3) on or after a date one year prior to the date of the filing of this action.

25.     Numerosity: The class described above is so numerous that joinder of all individual

members in one action would be impracticable. The disposition of the individual claims of the

respective class members through this class action will benefit both the parties and this Court.

26.     Plaintiff is informed and believes, and thereon alleges, that there are

at minimum, fifty members of the class described above.

27.     The exact size of the class and the identities of the individual

members thereof are ascertainable through Defendants' records.

28.     Members of the class may be notified of the pendency of this action

by techniques and forms commonly used in class actions, such as by

published notice, e-mail notice, website notices, first class mail, a notice on

the ATM or combinations thereof, or by other methods suitable to this class

and deemed necessary and/or appropriate by this Court.

29.     Typicality: Plaintiff's claims are typical of the claims of the members of the class. The

claims of the Plaintiff and members of the class are based

on the same legal theories and arise from the same unlawful and willful

conduct.

30.     Plaintiff and members of the class were each consumers who used an ATM machine

operated by the Defendants to make an electronic fund transfer or balance inquiry and were

charged a terminal owner fee, notwithstanding that the posting providing notice of the fee

required by EFTA "on or at" Defendants' terminal was not present.

31. Common Questions of Fact and Law: There is a well-defined

community of interest and common questions of fact and law affecting

members of the class.

32.  The questions of fact and law common to the class predominate over

questions which may affect individual members and include the following:

a. Whether, under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16, Defendants were, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

b. Whether Defendants complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,

c. Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendants' acts and conduct.

33.     Adequacy of Representations: Plaintiff is an adequate representative of the class because

his interests do not conflict with the interests of the members of the class. Plaintiff will fairly,

adequately, and vigorously represent and protect the interests of the members of the class and has

no interests antagonistic to the members of the class. Plaintiff has retained counsel who is

competent and experienced in the prosecution of consumer class action litigation.

34.     Superiority: A class action is superior to other available means for the fair and efficient

adjudication of the claims of the class. While the aggregate damages which may be awarded to

the members of the class are likely to be substantial, the damages suffered by the individual

members of the class are relatively small. As a result, the expense and burden of individual

litigation makes it economically infeasible and procedurally impracticable for each member of

the class to individually seek redress for the wrongs done to them. Plaintiff does not know of

any other litigation concerning this controversy already commenced by or against any member

of the class. The likelihood of the individual members of the class prosecuting separate claims

is remote. Individualized litigation would also present the potential for varying, inconsistent, or

contradictory judgments, and would increase the delay and expense to all parties and the court

system resulting from multiple trials of the same factual issues. In contrast, the conduct of this

matter as a class action presents fewer management difficulties, conserves the resources of the

parties and the court system, and would protect the rights of each member of the class. Plaintiff

knows of no difficulty to be encountered in the management of this action that would preclude

its maintenance as a class action.

## SUBSTANTIVE VIOLATION

35.     15 U.S.C. § 1693b(d)(3)(A) provides that as a prerequisite to imposition of a usage fee

upon a consumer for host transfer services, an automated teller machine operator must provide

notice to the consumer consistent with subparagraph (B) of that statutory section.

36.     Subparagraph (B) of 15 U.S.C. § 1693(d)(3) provides in relevant part:

(B) Notice requirements

(i) On the machine

> The notice required under clause (i) of subparagraph (A) with respect to any fee
> described in such subparagraph shall be posted in a prominent and conspicuous location
> on or at the automated teller machine at which the electronic fund transfer is initiated by
> the consumer.

37.     In turn, subparagraph (c) of 15 *U.S.C.* § 1693b(d)(3) states, in

relevant part:

> (C) Prohibition on fees not properly disclosed and explicitly assumed by the consumer

> No fee may be imposed by any automated teller machine operator in connection with any
> electronic fund transfer initiated by a consumer for which a notice is required under
> subparagraph (A), unless------

> (i) The consumer receives such notice in accordance with subparagraph (B) ...

38.     EFTA's statutory notice requirements are reinforced by the implementing regulations set

forth at 12 C.F.R. § 205.16.

39.     Defendants violated the notice requirements of EFTA in connection with providing host transfer services to Plaintiff and the Class.

40.     Defendants were each prohibited from imposing any usage fee or similar fee for providing host transfer services because each defendant failed to comply with EFTA's notice requirements.

41.     15 *U.S.C.* § 1693m provides that each Defendant shall be liable to Plaintiff and Class for violations of 15 *U.S.C.* § 1693 *et seq.* in the amount of, *inter alia,* statutory damages to be determined by the Court, the costs of this action and reasonable attorneys' fees.

42.     Plaintiff seeks the imposition of statutory damages, costs of suit and attorneys' fees.

43.     Because, on information and belief, all Defendants acted jointly to effectuate operation of the ATM at Issue, they are jointly and severally liable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a. An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

b. An award to Plaintiff and the members of the class of statutory damages;

c. Payment of costs of suit; and,

d. Payment of reasonably attorneys' fees.

**THE PLAINTIFF**

Dated: New York, NY

3/21/12

By:_____

The Law Offices of Shimshon Wexler, PC
Shimshon Wexler
2710 Broadway, 2nd Floor
New York, NY 10025
(212)760-2400
swexleresq@gmail.com
*Attorney for Plaintiff*

## Trial By Jury

Plaintiff requests a trial by jury.

## Notice of Assignment

All rights relating to attorneys' fees have been assigned to counsel.

# EXHIBIT A

(JPEG Image, 2048 × 1536 pixels) - Scaled (57%)    https://mail-attachment.googleusercontent.com/attachment/?ui=2&ik=2...



3/21/2012 11:10 AM

# EXHIBIT B



(JPEG Image, 1600 × 1200 pixels) - Scaled (74%)                    https://mail-attachment.googleusercontent.com/attachment/?ui=2&ik=2...



3/21/2012 11:07 AM

(JPEG Image, 1600 × 1200 pixels) - Scaled (74%)    https://mail-attachment.googleusercontent.com/attachment/?ui=2&ik=2...



(JPEG Image, 1600 × 1200 pixels) - Scaled (74%)    https://mail-attachment.googleusercontent.com/attachment/?ui=2&ik=2...



3/21/2012 11:08 AM

(JPEG Image, 1600 × 1200 pixels) - Scaled (74%)    https://mail-attachment.googleusercontent.com/attachment/?ui=2&ik=2...



(JPEG Image, 1600 × 1200 pixels) - Scaled (74%)      https://mail-attachment.googleusercontent.com/attachment/?ui=2&ik=2...



3/21/2012 11:09 AM

(JPEG Image, 1600 × 1200 pixels) - Scaled (75%)    https://mail-attachment.googleusercontent.com/attachment/?ui=2&ik=2...



3/21/2012 11:02 AM