UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YAAKOF KATZ, | ) |
|     *Plaintiff,* | ) |
|     -v- | ) Civil Action No. 12-CV- 9411 (TPG) |
| SLICE & CO. FINE GOURMET BRICK OVEN PIZZA, INC., CARDNET GROUP CORP., and METABANK | ) )  ) |
|     *Defendant(s).* | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT'S SILCE & CO., FINE GOURMETY BRICK OVEN
PIZZA, INC . CARDNET GROUP CORP. and METABANK**

Defendant(s) SLICE & CO. FINE GOURMET BRICK OVEN PIZZA, INC., CARDNET GROUP CORP. ("Defendants"), and METABANK, by and through its counsel, files this Answer and Affirmative Defenses ("Answer") to the Amended Class Action Complaint ("Complaint") filed on behalf of Yaakov Katz ("Plaintiff")

Each paragraph of this Answer constitutes Defendants answer to the same numbered paragraph of the Plaintiff's Amended Complaint. Defendants denies all allegations of Plaintiff's Complaint, except those specifically admitted in this Answer.

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, Defendants denies the allegations contained in Paragraph 1, except Defendants admits that Plaintiff purports to bring this action as a putative class action. Defendants denies that this action may properly be brought as a class action and

further denies that it has violated the Electronic Fund Transfers Act ("EFTA"). 15 U.S.C. Section 1693 *et. seq.* and/or the regulations promulgated thereunder, alleged in Paragraph 1.

2. Paragraph 2. Of the Complaint contains conclusions of law to which no response is required. To the extent that response may be required, Defendants denies these allegations contained in Paragraph 2 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

3. Paragraph 3 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 3 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 4 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

5. Paragraph 5 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 5 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 6 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

7.	Paragraph 7 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 7 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

8.	Paragraph 8 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 8 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

9.	Paragraph 9 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 9 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

10.	Paragraph 10 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants admits that Plaintiffs' Complaint purports to raise a claim under federal law.

11.	Paragraph 11 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, lacks knowledge or information sufficient to respond to the allegations of Paragraph 11 of the Complaint and, accordingly, denies the allegations.

12.	Paragraph 12 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, lacks knowledge or information sufficient to respond to the allegations of Paragraph 12 of the Complaint and, accordingly, denies the allegations.

13. Defendants lack knowledge or information sufficient to respond to allegations of Paragraph 13 of the Compliant and, accordingly, denies the allegations.

14. The allegations in Paragraph 14 of the Complaint are denied, except that Defendant Slice & Co admits that it is a New York Corporation and an owner of a restaurant with its office located at 527 6th Avenue, New York, NY

15. The allegations in Paragraph 15 of the Complaint are denied, except that Defendant Cardnet Group Corp. is a New York Corporation with offices located at 20-11 Steinway St. in Astoria, New York 11105.

16. The allegations in Paragraph 16 of the Complaint are denied except the Defendant META Bank admits that it is a national banking association with a home office at 5501 South Broadband Lane, Sioux Falls, SD 57108.

17. The allegations in Paragraph 17 are denied except admits that there are decals placed on the ATM machine.

18. Paragraph 18 contains conclusions of law to which no response is required, To the extent that a response may be required, Defendants denies the allegations in Paragraph 18 of the Complaint, except that Defendants admits certain automated teller machines in certain specific locations.

19. Defendant denies the allegations of Paragraph 19 of the Complaint, except that Defendants admit that it operates and maintains an automated teller machine ("ATM") located on 6th Avenue and West 14th Street.

20. Defendants lacks knowledge or information sufficient to respond to the allegations of Paragraph 20 of the Complaint and, accordingly, denies the allegations.

21. Denied.

22. Denied.

23. Paragraph 23 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in Paragraph 23, except Defendant admits that Plaintiff purports to bring this action as a putative class action. Defendant denies that this action may properly be brought as a class action.

24. Paragraph 24 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in Paragraph 24, except Defendant admits that Plaintiff purports to bring this action as a putative class action. Defendant denies that this action may properly be certified as a class action.

25. Paragraph 25 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in Paragraph 24 of the Complaint.

26. Defendants lacks knowledge or information sufficient to respond to the allegations in Paragraph 26 of the Complaint and, accordingly, denies the allegations.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied

33. Denied.

34. Denied.

35. Paragraph 35 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 35 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

36. Paragraph 36 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 36 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

37. Paragraph 37 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 37 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

38. Paragraph 38 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 38 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

39. Denied.

40. Denied.

41. Paragraph 41 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants denies the allegations contained in paragraph 41 of the Complaint. Defendants denies Plaintiff's characterization and/or partial quotation of the statute.

42. The allegations of paragraph 42 are denied, except Defendants admits that Plaintiff seeks statutory damages, costs and attorney's fees. Defendant denies that Plaintiff is entitled to any recovery.

43. Denied.

The WHEREFORE clause (including all subparts) constitutes a prayer for relief and therefore, no response is required. To the extent that a response may be required, Defendants denies the allegations contained in the WHEREFORE clause (including all subparts), and Defendants respectfully requests this Court to enter judgment in favor of Defendants and against the Plaintiff, deny any request for class treatment, and award costs and reasonable attorney's fees under 15 U.S.C. section 1693m(f) in favor of Defendants and against Plaintiff.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state any claim upon which relief may be granted against the Defendants.

2. Plaintiff's claims are barred because Defendants have complied with the EFTA and the regulations promulgated thereunder.

3. Any claim by plaintiff for actual damages is barred because Plaintiff has not suffered any actual damages as a result of any conduct by the Defendants.

4. Plaintiff lacks standing under Article III of the United States Constitution to assert any claim for any damages under the EFTA.

5. Plaintiff's EFTA claim is barred by 15 U.S.C. section 1693m(d), because all actions taken by Defendants were done in good faith in conformity with regulations promulgated by the Federal Reserve Board.

6.     To extent any signage was subsequently removed, damaged or altered by someone other than Defendants, Defendants can have no liability and the claim is barred under 15 U.S.C. section 1693m(d).

7.     Plaintiff's claims are barred by the doctrine of unclean hands.

8.     Plaintiff's claims are barred by the doctrine of waiver.

9.     Plaintiff's claims are barred by the doctrine of estoppels.

10.    Plaintiff's claims are barred by the doctrine of consent.

11.    Plaintiff's claims are barred by the doctrine of ratification.

12.    Plaintiff's claims are barred by the voluntary payment doctrine because Plaintiff read the external signage posted at the ATM at issue disclosing any surcharge and voluntarily proceeded with the transaction knowing that he would be charged a fee.

13.    Plaintiff's claims are barred because Plaintiff did not rely on any conduct by Defendants in agreeing to the fine.

14.    Plaintiff's claims are barred to the extent they seek any remedy to which Plaintiff is not entitled under EFTA, 15 U.S.C. section 1693m, including, but not limited to the cap applicable to alleged class actions set forth at 15 U.S.C. section 1693m(a)(2)(B)/

15.    Plaintiff's claims are barred because Plaintiff failed to mitigate his alleged damages (if any).

16.    Plaintiff's claims are barred to the extent that any fee or surcharge was refunded or paid by a third party bank or other financial institution.

17.    Plaintiff's claim for statutory damages in this case is barred or should be reduced by applicable law or statute, or, in the alternative, is unconstitutional insofar as it violates the due process clause protections afforded by the United States Constitution, the excessive fines clause

of the Eight Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitutions, and applicable provisions of the Constitution of New York and South Dakota. Any law, statute or other authority purporting to permit the recovery of statutory, penal damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the Court or jury's discretion in determining whether to award statutory damages and/or the amount, if any; (2) is void for vagueness In that it failed to provide adequate advance notice as to what conduct will result in statutory damages; (3) unconstitutionally may permit recovery of statutory damages based on conduction that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of statutory damages in an amount that is not both reasonable and propo0rtionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of the resources, net worth or other financial information relating to the defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any statutory damages award; (7) lacks constitutionally sufficient standards for appellate review of statutory damage awards; and (8) otherwise fail to satisfy New York and U.S. Supreme Court precedent, including, without limitation *State Farm ins. Co. v. Campbell,* 538 U.S. 408, 123 S.CT.1513 (2003), *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 116 S. CT. 1589 (1996), and *Pacific Mutual Ins. Co. v. Haslip,* 499 U.S. 1, 111 S.Ct. 1032 (1991). Plaintiff's claim for statutory damages is, and any award of statutory damages in this case would be, unconstitutional insofar as such damages are sought to punish Defendants for the conduct of or injuries to non-parties or otherwise on behalf of absent class members who

are not called to testify in this action and who seek to punish Defendants for others' conducted related to transaction no which the named Plaintiff was not directly involved. *See Philip Morris USA v. Williams,* 127 S.Ct. 1057 (2007).

18. Plaintiff's claim for statutory damages should be barred or reduced by factors set forth in 15 U.S.C. section 1693m(b).

19. Defendants acted at all times in good faith and pursuant to reasonable procedures intended to comply with the EFTA in accordance with 15 U.S.C. section 1693m(c).

20. Under applicable law and the due process protections of the U.S. Constitution, the amount of any claimed statutory in any putative class action may not exceed the amount of actual damages proven with respect to each alleged class member. *See e.g.* 15 U.S.C. section 1693 (m)(a)(2)(B); *Exxon Shipping Co. v. Baker,* 128 S. Ct. 2605 (2008).

21. Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23 because this action cannot be properly maintained as a class action.

**DEFENSES RESERVED:**

The foregoing affirmative defenses are raised by Defendants without waiver of any other defenses that might come to light during the discovery and proceedings of this case or otherwise. Defendants hereby reserves the right to amend or supplement his Answer to assert any other related defenses as they become available.

**WHEREFORE**, Defendant respectfully demands judgment as follows: An order dismissing the complaint; and against the Plaintiff, Deny any request for class treatment, and award costs and reasonable attorney's fees under 15 U.S.C section 1693(m)(f) in favor of Defendants and such other and further relief as this Court deems just and proper.

Yours, etc.

| | |
|---|---|
| Dated: New York, New York<br>June 14, 2012 | LAW OFFICE<br>OF FREDERIC R. ABRAMSON<br>Attorney for Defendants<br>160 Broadway, Suite 500<br>New York, New York 10038<br>(212) 233-0666<br>fabramson@abramsonlegal.com<br><br>By:  _____/s/ Frederic R. Abramson_____<br>     FREDERIC R. ABRAMSON (FA 3918) |

TO: Shimshon Wexler, Esq.
    The Law Offices of Shimshon Wexler, PC
    2710 Broadway, 2FL
    New York, NY 10025
    gwexleresq@gmail.com
    (212) 760-2400

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that he foregoing was filed electronically with the Clerk of Court on June 14, 2012 using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                    /s/ Frederic R. Abramson
                                       FREDERIC R. ABRAMSON (FA 3918)