UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

YAAKOV KATZ,
on behalf of himself and the class,   Case No.: 11-cv-9411-TPG

                Plaintiff,

v.

SLICE & CO. FINE GOURMET BRICK OVEN
PIZZA, INC.;
METABANK;
CARDNET GROUP CORP.

                Defendants.
-----------------------------------------------------------------

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Yaakov Katz respectfully requests that this Court enter an order determining that this Electronic Funds Transfer Act ("EFTA") action may proceed as a class action against the Defendants. Plaintiff seeks to certify a class defined as all consumers who initiated an electronic funds transfer at the Defendants' ATMs located at 527 6th Ave in New York, NY and were assessed a fee for withdrawing cash on or after December 21st, 2010 and continuing through the time in which the fee notice was posted.

Plaintiff further requests that The Law Offices of Shimshon Wexler, PC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

    1.    This case arises out of the Defendants charging a fee for using their ATM without having a posted notice of the fee "on or at" the ATM in violation of the EFTA.

1

2.     Plaintiff alleges that defendant violated 15 U.S.C. §1692e(5) and e(10) because PRA attempted to collect a debt while not being authorized to because it had not published as required by law.

**CLASS CERTIFICATION REQUIREMENTS**

3.     All requirements of Rules 23(a), (b)(3) of the Federal Rules of Civil Procedure have been met.

4.     Plaintiff brings this claim on behalf of a class, consisting of All consumers who initiated an electronic funds transfer at the Defendants' ATMs located at 527 6th Ave in New York, NY and were assessed a fee for withdrawing cash on or after December 21st, 2010 and continuing through the time in which the fee notice was posted.

5.     The class is so numerous that joinder of all members is impracticable.

6.     An extremely conservative estimate of the class size in this case is 1000. This assumes that only 3 transaction fees were charged per day for the year period that therer was no fee notice.

7.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether charging a fee for using an ATM when there is no notice of the fee posted on or at the machine violates the EFTA.

8.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

9.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and class action cases.

10.    A class action is superior to other alternative methods of adjudicating this

dispute. Individual cases are not economically feasible. Many users of the ATM may not realize that their rights are violated.

11. In further support of this motion, plaintiff submits the accompanying memorandum of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Dated: 10/24/12 New York, NY

Respectfully submitted,

/s/ Shimshon Wexler
Shimshon Wexler

Shimshon Wexler
THE LAW OFFICES OF SHIMSHON WEXLER, P.C.
PO Box 250870
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com

3

## CERTIFICATE OF SERVICE

    I, Shimshon Wexler, hereby certify that on __10/24__, 2012, I caused to be filed the foregoing document via the CM/ECF System, which allows the parties who have signed up, to receive immediate notification of documents filed electronically.

_____<br>
Shimshon Wexler