UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
YAAKOV KATZ,
on behalf of himself and the class,   Case No.: 11-cv-9411-TPG

                       Plaintiff,

v.

SLICE & CO. FINE GOURMET BRICK OVEN
PIZZA, INC.;
METABANK;
CARDNET GROUP CORP.

                      Defendants.
-----------------------------------------------------------------

## MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

**I.
INTRODUCTION**

      This is a case under 15 U.S.C. § 1693 *et seq.*, commonly known as the Electronic Fund Transfer Act ("EFTA"), which, among other things, regulates notices on automatic teller machines ("ATM"). EFTA provides that an ATM operator must place an actual physical notice concerning transaction fees in a conspicuous location on or at the ATMs in question. In this case there was no physical notice at the Defendants' ATM. Therefore, Defendants could not lawfully assess a fee for using the ATM. As demonstrated below, all the elements of Rule 23 are met and the Court should certify the class of persons charged such a fee by Defendants during the class period.

      Defendants are each the operator of the ATM located at 527 6th Ave. on the corner of West 14th Street and 6th Ave. in New York, NY ("ATM"). See paragraph 19 of the Answer to the Amended Complaint. On November 29th, 2011, Plaintiff used the ATM in order to withdraw cash electronically. At that time, the ATM did not have the fee notice affixed to it, or in close

proximity to it informing consumers that the use of the ATM will or may result in an ATM surcharge. Plaintiff was charged a $1.75 ATM surcharge fee for withdrawing cash from the ATM.

Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant based on Defendant's violation of the EFTA. Plaintiff seeks, on behalf of himself and the proposed class, statutory damages, costs and attorney's fees, all of which are expressly made available by statute, 15 U.S.C. § 1693m.

## II.

## BACKGROUND

### A. Electronic Funds Transfer Act

1. "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes . . . automated teller machine transactions . . . ." 15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

2. Defendants are each "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

3. 15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. § 205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction. Specifically, 12 C.F.R. § 205.16(b) states:

*General.* An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

(2) Disclose the amount of the fee.

4. 15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c), specifies the notice to be provided to consumers. 12 C.F.R. § 205.16(c) states:

(c) *Notice requirement.* To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1) *On the machine.* Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2) *Screen or paper notice.* Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

5. Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

6. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required *unless* the consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c). Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

(C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.** No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

(e) *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

7. In connection with 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained the EFTA's disclosure requirements as follows:

The final rule clarifies the **two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.** Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee....

71 .R. 1638, 1656 (emphasis added).

8. Thus, the statute and regulation require that a physical notice must be displayed informing consumers that the ATM imposes a surcharge and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed. The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements. *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006). A plaintiff seeking statutory damages under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into a transaction.

*Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

**B. Defendant's Conduct**

9. Defendants are each ATM operators regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a). Defendants operate the ATM. The ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3. The ATM imposes a fee on consumers who withdraw cash from the ATM and are not customers of the Defendants.

10. Defendants failed to post on or at the ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendants' improper imposition of a fee to users of the ATM. Defendant's failure to post the required notice on or at the ATM has resulted in non-compliance with the EFTA. These violations of the EFTA have adversely affected a number of consumers. Despite knowing of the ATM fee notice provisions of the EFTA, Defendants have violated the EFTA by failing to post the required ATM fee notice at the ATM and improperly imposed ATM fees.

**C. Plaintiff's Electronic Funds Transfers With Defendant**

11. Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e). In late November 2011, Plaintiff used the ATM located at 527 6th Ave. on the corner of West 14th Street and 6th Ave. in New York, NY in order to conduct an electronic funds transfer involving the withdrawal of cash. The ATM did not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 as

it did not have any sign affixed to it or in close proximity to it informing consumers that use of the ATM will or may result in an ATM surcharge. After this suit was filed, Defendants posted a fee notice on the ATM.

## III.

### GENERAL REQUIREMENTS OF RULE 23

Rule 23(a) of the Federal Rules of Civil Procedure states:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

The Supreme Court has said that the final three requirements of Rule 23(a) "tend to merge," with commonality and typicality "serv[ing] as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 157 n.13, 102 S. Ct. 2364 (1982).

Rule 23(b)(3) of the Federal Rules of Civil Procedure provides:

A class action may be maintained if Rule 23(a) is satisfied and if:

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Subdivision (b)(3), at issue in this matter, is satisfied if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"Class certification questions…..is a matter committed to the sound discretion of the district court." *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir. 1986). In the context of considering a motion for class certification, the Court accepts all of the allegations in the complaint as true, see *In re Indep. Energy Holdings PLC Sec. Litig.*, 210 F.R.D. 476, 487 n.5 (S.D.N.Y. 2002) "Although the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982).

### A. The Class Can Be Identified Based On Objective Criteria.

Plaintiff seeks certification of the following class:

All consumers who initiated an electronic funds transfer at the Defendants' ATMs located at 527 6th Ave in New York, NY and were assessed a fee for withdrawing cash on or after December 21st, 2010 and continuing through the time in which the fee notice was posted. Rule 23 requires notice be provided by the best practical means. In the event it is not feasible to give direct actual notice to consumers, publication, internet and notice on the ATM can be used. *See Burns v. First American Bank*, 2006, WL 3754820 at *11 (N.D. Ill. Dec. 19, 2006).

## IV.

## PLAINTIFF HAS ESTABLISHED THE REQUIREMENTS OF RULE 23(a)

### A. Numerosity

"Rule 23(a)'s first requirement, numerosity, generally is presumed at a level of 40 members, and may be found where the number of class members is sufficiently large so that joinder . . . would make litigation needlessly complicated and inefficient. Numerosity is appropriately found where the joinder of all [class] members is impracticable." *In re IndyMac Mortgage-Backed Sec. Litig.*, Fed. Sec. L. Rep. (CCH) P96,985 (S.D.N.Y. Aug. 17th 2012).

The numerosity requirement does not demand that joinder be impossible, only that it present difficulty or inconvenience. The Second Circuit has stated that this requirement is presumed to be satisfied where a class contains at least 40 members. *Han v. Sterling Nat. Mortg. Co.*, 2011 U.S. Dist. LEXIS 103453, 2011 WL 4344235, *3 (E.D.N.Y. Sept. 14, 2011). In this case, the ATM was in a busy location with heavy foot traffic. The Court should infer that there

are at least 40 members of this class. See *Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 204 (E.D.N.Y. 2005).

**B. Commonality**

The case at bar has common questions of fact or law common to the class. The commonality requirement demands only that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Where the question of law involves standardized conduct of the defendant to the plaintiff, a common nucleus of operative fact is typically presented and the commonality requirement is usually met. *Poplawski v. Metroplex on the Atlantic, LLC*, 2012 U.S. Dist. LEXIS 46408 (E.D.N.Y.).

Two overriding questions of law and fact that are common to the class are: (1) whether Defendants complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and (2) whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendants' acts and conduct. Indeed, whether Defendants violated the EFTA, and therefore, cannot collect ATM fees is the overriding, predominant question presented in this lawsuit.

**C. Typicality**

The Plaintiff Yaakov Katz's claims are typical of the class members. His claim, along with the other putative class members is that the Defendant violated 15 U.S.C. § 1693(b)(d)(3).

Rule 23(a)(3) requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.

*Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001). Differences in the degree of harm suffered, or even in the ability to prove damages, do not vitiate the typicality of a representative's claims. *Ouellette v. Int'l Paper Co.*, 86 F.R.D. 476, 480 (D. Vt. 1980). The typicality and commonality requirements tend to merge into one another, and similar considerations guide both analyses. *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372 (2d Cir. 1997) It is not required that the underlying facts be identical for all class members. Instead, the typicality requirement requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class. *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999).

The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. Here, the claims of the class members and the lead plaintiff are identical in that they used the defendants' ATM without a posted fee notice.

**D. Adequacy of Representation**

The last prerequisite to a class action is whether the representative parties "will fairly and adequately protect the interests of the class," known as the adequacy requirement. Fed. R. Civ. P. 23(a). That determination requires a two pronged inquiry: (1) class counsel must be "qualified, experienced, and generally able to conduct the litigation;" and (2) class members must not have antagonistic interests to one another. *Banyai v. Mazur*, 205 F.R.D. 160 (S.D.N.Y. 2002)

The Plaintiff and his counsel satisfy the adequacy requirement. Here, Mr. Katz has a working knowledge of the case. There are no conflicts between him and putative class members. He is an adequate class representative. Plaintiff's counsel satisfies the adequacy requirement. He has brought class action lawsuits with the law firm of Herzfeld & Rubin, PC in New York, the law firm of Edelman, Combs, Latturner & Goodwin, LLC in Chicago. He has represented consumers against debt collectors. He is a member of the National Association of Consumer Advocates and regularly attends conferences on class actions.

**RULE 23(b)'s REQUIREMENTS: Predominance and Superiority**

Plaintiff seeks certification of this class action under Rule 23(b)(3):

A class action may be maintained under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The predominance requirement is satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) That an affirmative defense may arise that affects different class members differently does not compel a finding that individual issues predominate over common ones. *In re Nassau Cnty. Strip Search Cases,* 461 F.3d 219, 225 (2d Cir. 2006)

Together with the "superiority" requirement, the predominance requirement ensures that the class will be certified only when it would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 104 (2d Cir. 2007).

Considerations relevant to finding superiority include the following:
(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D); see also *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 304 (S.D.N.Y. 2003).

Here, common issues predominate over individualized issues. The central overriding issue is whether the Defendant violated 15 U.S.C. § 1693(b)(d)(3). The predominating issues in this case will be the common questions identified above. It is a question for all class members whether Defendant had compliant notices posted on its ATM in the date that the class member where charged fees. It is a common predominating question whether Defendant can lawfully charge fees in the absence of the required notice. Because EFTA is a strict liability statute, *See Bisbey v. D.C. National Bank*, 253 U.S. App. D.C. 244, 793 F.2d 315, 318-19 (D.C. Cir. 1986), no individual questions are presented. The question of statutory damages is also a predominating common question.

There is little apparent interest for each class member to control his or her litigation, particularly given the relatively small individual recovery compared to the costs of litigation. Certification will not interfere with other litigation by class members, since there appears to be no such pending litigation outside of this action. Finally, there is no indication that management of the class will become burdensome or unwieldy.

## VI.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiff's Motion for Class Certification, Plaintiff requests that the Court certify the class as set forth herein and also appoint The Law Offices of Shimshon Wexler, PC as class counsel.

Dated: 10/24/2012

Respectfully submitted,

The Law Offices of Shimshon Wexler, PC
Shimshon Wexler
PO Box 250870
New York, NY 10025
(212) 760-2400 Telephone
(917) 512-6132 Facsimile
shimshonwexler@yahoo.com
*ATTORNEY FOR PLAINTIFF AND THE PROPOSED CLASS*