UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
YAAKOV KATZ,                                      Case No.: 11-cv-9411(TPG)
on behalf of himself and the class
                                                  **ECF CASE**
            Plaintiff,

      v.

SLICE & CO. FINE GOURMET BRICK
OVEN PIZZA, INC.;
CARDNET GROUP CORP.;
METABANK

            Defendant.
-----------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION

    On October 24th, 2012, Plaintiff moved the Court for an order certifying the class of consumers who used the Defendants' ATM and were charged a fee for doing so during a time when Defendant had not posted fee notices "on or at" its ATMs as required by the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, and Regulation E of 12 C.F.R. 205 *et seq.* Defendants oppose class certification on the grounds that (1) it is not possible to identify class members individually, (2) since plaintiff seeks actual damages, his claims are not similar to the claims of the class, (3) class treatment is not superior to individual actions because class members could recover more in individual actions and (4) the fee notice was on the machine one day prior to the plaintiff's transaction and it was reapplied 6 days after the plaintiff's transaction.

The second argument is plainly not true as plaintiff has not alleged actual damages. As for the other three arguments, to the extent they are relevant, they do not provide a basis for denying class certification.

Defendants falsely assert that since plaintiff is seeking actual damages in the form of the ATM fee that he was assessed, he is unable to represent the class as they may not have suffered actual damages because they knew about the fee. It is not true that plaintiff is seeking actual damages. The plaintiff only seeks statutory damages for the Defendants' failure to post a fee notice. Defendants pretends that plaintiff has alleged detrimental reliance and therefore individual fact questions will apply to determine whether each class member detrimentally relied upon the lack of the fee notice and were injured thereby. This is a figment of their imagination. In both the Amended Complaint and Plaintiff's motion for class certification, Plaintiff only seeks statutory damages. Plaintiff is unsure why the Defendants have mischaracterized Plaintiff's position which has always been crystal clear that he is only seeking statutory damages.

A plain reading of the EFTA makes it clear that Congress intended that the failure to provide notice will allow consumers to recover actual damages, *if any*, statutory damages, costs, and fees. 15 U.S.C. § 1693m(a). The statute allows recovery even when there are no actual damages. "Regardless of whether . . . [Katz was] aware of the ATM fee, . . . [he was] entitled to notice of the fee *in the form prescribed by Congress and the Board.*" *In re Regions Bank ATM Fee Notice Litigation*, No. 11-MD-2202-KS-MTP, 2011 U.S. Dist. LEXIS 103485, *13 (S.D. Miss. Sept. 12, 2011). In this case, plaintiff seeks only statutory damages, thus his claims are identical to the claims of the class.

Defendants' memorandum of law in opposition from the bottom of page 6 until the bottom of page 14 states that class certification is not appropriate in this case because Plaintiff seeks actual damages. As stated above, this is not true as Plaintiff is only seeking statutory damages. Therefore, the Court should disregard that entire portion of Defendants' memorandum of law.

Defendant's memorandum of law in the middle of page 16 states "Plaintiff's only claim for actual damages is the $1.75 fee he allegedly paid to use the ATM." There is a footnote to that sentence which states "Defendants of course rejects (sic) the notion that the $1.75 fee even constitutes actual damages under EFTA." Plaintiff never asserted such a notion and agrees with the Defendant that there are no actual damages in this case.

## 1. Determining Class Membership

Defendants' argument that the members of the proposed class would be too difficult to identify is without any merit. It will be a trivial exercise to determine whether any particular claimant is a member of the class. If the claimant's ATM number matches the records of Defendant, the claimant is a member of the class.

Defendants' argument about identifying class members confuses the issue of definiteness- the ability to determine whether a particular individual is a member of the class - with the issue of notice. Whether a claimant conducted an ATM transaction during the class

period and was charged is immediately determinable from the records of the Defendants (See Defendants Memorandum page 18).

Defendants' argument about notice is similarly misplaced. Plaintiff agrees with Defendants that individual notice to class members would be difficult and expensive. That is often the case in class actions. Publication notice has been used and approved in class actions for decades. In addition, Plaintiff proposes to set up a dedicated website for information relating to this class action along with a physical notice placed on the ATM. This type of notice has been approved in ATM fee notice cases. See *Markoff v. Independent Bank*, 2:09-cv-12639-DPH-MKM (E.D. Mich. 5/25/2011). *See also Harrison v. First Independence Bank*, Case No. 5:09-cv-12684-JCO-MAR (E.D. Mich. 9/2/2011) (granting final approval to class settlement following publication notice); *Kinder v. ELGA Credit Union*, Case No. 5:10-cv-11549-JCO-RSW (E.D. Mich. 8/24/2011) (same); *Harrison v. Flagstar Bank*, Case No. 5:09-cv-12687-JCO-DAS (E.D. Mich. 8/7/2011) (same).

In fact, the very case relied on by Defendants, *Mowry v. JPMorganChase Bank N.A.*, 2007 WL 1772142 (N.D. Ill. 2007), resulted in an approved class settlement in which publication notice was used. *Mowry* was appealed to the Seventh Circuit. While on appeal, *Mowry* was settled along with another case against JPMorganChase Bank, and the class settlement was submitted for approval to the District Court for the Eastern District of Wisconsin. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F.Supp. 2d 806, 809-810 (E.D. Wisc. 2009). The court approved a settlement class consisting of all consumers who were charged for using a JPMorganChase ATM machine anywhere in the country during a 13 month period.

JPMorganChase spent $395,000 for class notification and administration. In paragraph five of its order preliminarily approving the settlement (attached to this Reply as Exhibit A), the court held as follows about class notice (which was entirely by publication): "This Class Notice fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit." The present case is no different, except that class notice will not cost anything like what JPMorganChase paid.

**2. The claim of the Plaintiff meets the Typicality and Commonality Requirements of Rule 23(a) as well as the Numerosity and Adequacy Prongs.**

In certifying a class under a similar consumer protection statute Judge Castel stated in *Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117 that:

> "[T]he class members' claims "must depend upon a common contention . . . which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 180 L. Ed. 2d 374 (2011). The Court must consider not only the common questions raised by the class, but "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." Id. (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof,* 84 N.Y.U. L.Rev. 97, 132 (2009)). "'A single common issue of law may be sufficient to satisfy the commonality requirement' where the common question is 'at the core of the cause of action alleged.'" *MacNamara v. City*

*of New York,* No. 275 F.R.D. 125, 2011 U.S. Dist. LEXIS 53829, 2011 WL 1991144, *8 (S.D.N.Y. May 19, 2011)."

In this case, the single question to be determined by the Court is whether the fee notice was up or not. The class will consist of individuals who made a transaction during the time period that the fee notice was not up. Each class member will not only have a similar claim but rather an identical one. Each class member's claim arises from the same alleged wrongful conduct, and the defendant is not subject to any unique defenses.

The numerosity component of class certification is easily satisfied as Cardnet admits in its affidavit paragraph 5 that there were 122 unlawful fees assessed during a one week period of time. Thus, the class is probably made up of thousands. Defendants' records will show the exact number. The adequacy element is not contested except to the extent that it is falsely alleged that plaintiff is seeking actual damages. As plaintiff is not seeking actual damages, Defendants have not raised any other concerns with the adequacy of either the plaintiff or plaintiff's counsel.

The Seventh Circuit said in *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953-54 (7th Cir. 2006), in reversing a district court's denial of class certification under a similar consumer protection statute to the one in this case : "[I]t is not appropriate to use procedural devices to undermine laws of which a judge disapproves. [citations omitted]. Maybe suits such as this will lead Congress to amend the Fair Credit Reporting Act; maybe not. While a statute remains on the books, however, it must be enforced rather than subverted."

**2. Class Treatment Is Superior to Individual Actions**

Defendants' argument that class members would be better off suing individually is nonsense. The vast majority, if not all, of the members of the class haven't the slightest clue that their rights have been violated and will never sue. They would hardly be able to find a lawyer to take their case anyway, given the maximum recovery of $1,000. Accepting Defendants' argument would mean an EFTA fee notice class action could never be brought, and that is clearly not what Congress intended. "Only when all or almost all of the claims are likely to be large enough to justify individual litigation is it wise to reject class treatment altogether." *Murray v. GMAC Mortg. Corp.*, 434 F.3d at 953.

**3. There is a Question of Fact as to the Dates that the ATM did not have a Fee Notice**

Defendants submit the self serving affidavit of Abdulrahman Mubarez who claims to be the president of Cardnet Group which is one of the Defendants. He states that he "noticed" that there was a fee notice on November 28th, 2011 which is one day before plaintiff's transaction (See paragraph 3 of the affidavit). He also states in paragraph 4 that "On December 5th, 2011, immediately learning that the ATM lacked the On-Machine Notice, I affixed it to the ATM." Mr. Mubarez does not explain the circumstances that he came to "notice" the fee notice on the ATM on November 28th, 2011. Was he expecting the Plaintiff to make a transaction from the ATM the very next day? If he is the president of the company, why is he in the field noticing whether an ATM has a fee notice on it or not? Is he the person that goes around to inspect whether his ATM's have a fee notice? Even more questionable is Mr. Mubarez's assertion that he learned on

December 5th, 2011 that the ATM lacked the fee notice. How did he come to learn this? Plaintiff's attorney has filed a number of fee notice cases and the shortest interval between ATM fee notice inspections is 3 months. Why did Mr. Mubarez visit the ATM just one week later? He couldn't have known about the complaint filed in this action because the complaint was filed more than 3 weeks after plaintiff's transaction on December 21st, 2011.

Further, in the affidavit attached to this memorandum of law, plaintiff testifies that he returned to the ATM a number of times between December 5th, 2011 and the time that the amended complaint was filed in March 2012 and he noticed that there was no fee notice. Only when he returned in February 2012, did he first observe that a fee notice applied. Thus, there are questions of fact as to whether the fee notice was up during the class period which need not be resolved at this point. If it turns out that the fee notice was up during part of the proposed class period the class period will be revised. This is allowed under the Federal Rules of Civil Procedure. "[H]olding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition. District courts are permitted to limit or modify class definitions to provide the necessary precision." *Eatmon v. Palisades Collection LLC*, 2011 U.S. Dist. LEXIS 4556 (E.D.Tx.).

## CONCLUSION

Because the requirements of Rule 23 are amply met in this case, Plaintiff respectfully moves this Court for an order certifying the class as defined in the Complaint, with a class period of the year preceding the date the amended complaint was filed.

By: /s/ Shimshon Wexler
Shimshon Wexler

Dated: New York, New York
November 16 2012

The Law Offices of Shimshon Wexler, PC
2710 Broadway 2FL
PO Box 250870
New York, New York 10025
(212)760-2400
(917)512-6132 (fax)
shimshonwexler@yahoo.com
*Attorney for Plaintiff*